UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TRACIE ANN WALP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:14-cv-00093-SEB-WGH |
| ) | |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Tracie Ann Walp not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Administrative Law Judge ("ALJ") denied Plaintiff's application for DIB and SSI after concluding that Plaintiff is capable of performing sedentary work as "clerical support worker," "quality control worker," and "hand packager." Dkt. No. 9-2 at 36-37. This case was referred to Magistrate Judge Hussmann for initial consideration. On August 28, 2015, Magistrate Judge Hussmann issued a report and recommendation that the Commissioner's decision be affirmed because it is supported by substantial evidence. This cause is now before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

## **Standard of Review**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

2

raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## Discussion

Plaintiff objects to the Magistrate Judge's Report and Recommendation that the Court uphold the final decision of the Commissioner based on the Magistrate Judge's finding: (1) that the ALJ properly weighed the medical evidence and determined Plaintiff's RFC; and (2) that the ALJ properly evaluated Plaintiff's credibility. Because Plaintiff's objections merely retrace issues and arguments addressed by the Magistrate Judge in his well-reasoned and well-supported Report and Recommendation, with which we find ourselves in full agreement,[1] Plaintiff's objections are OVERRULED.

Plaintiff first argues that the ALJ erred in weighing the medical opinions of several doctors and the opinion of a nurse practitioner. However, as the Magistrate Judge correctly observed, the district court does not reweigh the evidence. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Rather, our job is to determine whether substantial evidence supports the ALJ's determination. Here, for the same reasons detailed in the Magistrate Judge's Report, we find that the ALJ followed the statutorily mandated procedure in weighing the medical opinions, including the opinions of treating physicians and other medical sources; adequately evaluated those opinions; and accurately incorporated those opinions into his RFC determination. Accordingly, we agree with the

---

[1] As the Commissioner points out, Plaintiff's objections are merely restatements, often word for word, of Plaintiff's original opening brief.

3

Magistrate Judge's analysis which we hereby adopt, finding no error in the ALJ's assessment of the medical opinions in Plaintiff's case.

Nor is there merit to Plaintiff's second argument, to wit, that the ALJ erred in assessing her credibility. As the Magistrate Judge recognized, the ALJ's credibility determination, while perhaps not perfect, was not so flawed as to necessitate remand. As long as an ALJ provides "specific reasons supported by the record," a reviewing court must defer to a "credibility determination unless it is patently wrong." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015). A credibility assessment is patently wrong only if it "lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014).

As the Magistrate Judge recognized, the ALJ criticized Plaintiff's credibility in part because of the limited course of Plaintiff's treatment despite failing to question Plaintiff about any reasons she may have had for pursuing such a conservative course of treatment. However, we agree with the Magistrate Judge's conclusion that to the extent this represents error, it is harmless, given that the ALJ's consideration of Plaintiff's limited course of treatment was only a small part of his overall credibility assessment. The ALJ thoroughly explained various other reasons to support his credibility determination, including several inconsistencies between Plaintiff's subjective complaints that she was too physically impaired to perform even sedentary work and a number of physicians' reports noting "excellent strength"; "no evidence of atrophy, and the ability to use her upper and lower extremities"; and "doing very well with self-care … tend[ing] to take on much of the family home care." Dkt. No. 9-2 at 32. Additionally, while

4

Plaintiff reported that she had difficulty seeing and hearing, the ALJ noted that she appeared to have no trouble hearing to answer his questions when she testified before him. *Id.* at 33.

Plaintiff cites a number of additional errors she contends the ALJ committed in assessing her credibility, including, *inter alia*, that the ALJ ignored substantial evidence regarding her physical abnormalities and also distorted some of the evidence of her daily activities. However, the Magistrate Judge thoroughly and correctly addressed and ultimately dismissed these arguments. Accordingly, for the reasons detailed in the Magistrate Judge's Report, we agree that the ALJ's credibility determination, imperfect though it may be, does not require remand.

## Conclusion

For the foregoing reasons, we <u>OVERRULE</u> Plaintiff's objections and <u>ADOPT</u> the Magistrate Judge's Report and Recommendation. Judgment shall enter accordingly.

IT IS SO ORDERED.

Date: _____9/29/2015_____            _____
                                                                          SARAH EVANS BARKER, JUDGE
                                                                          United States District Court
                                                                          Southern District of Indiana

Distribution:

Dustin Allen Schock
BINDER and BINDER
fedcourt@binderlawfirm.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov